## KRAMER v. STUBBLEFIELD et al.
### No. 2652.

Court of Civil Appeals of Texas. Beaumont.
Oct. 2, 1934.

See, also, 60 S.W.(2d) 1063.

C. C. Carsner, of Victoria, for appellant.

Linebaugh & Guittard, of Victoria, for appellees.

O'QUINN, Justice.

Plaintiff below, R. I. Stubblefield, sued Edwin F. Kramer and W. L. Standerfer, as joint tort-feasors, in the justice court of precinct No. 1, Victoria county, Tex., to recover damages to his automobile, in the sum of $179, alleged to have been caused by the joint negligence of the defendants.

Each of the defendants answered denying liability, and each, by cross-action, asserted damages against the other.

The case was tried to the court without a jury, and judgment rendered in favor of the plaintiff against the defendants, jointly and severally, for the sum of $179. Judgment was also rendered that neither of said defendants recover any sum of the other on their respective cross-actions. This judgment was appealed to the county court of Victoria county by defendant Kramer. Trial in that court was before the court without a jury and judgment was rendered in favor of plaintiff, Stubblefield, against both defendants, Kramer and Standerfer, jointly and severally, for $104 and costs of suit. Judgment was also rendered that neither of said defendants recover of the other any sum by reason of their respective cross-actions. Kramer brings this appeal.

Appellant presents three assignments of error, all to the effect that the evidence shows that the damage to appellee Stubblefield's car was caused by the negligence of Standerfer and not appellant.

The record shows that the collision causing the damage to Standerfer's car occurred in the city of Victoria, Tex. Stubblefield's car was parked on Santa Rosa street parallel with the curb, and within 6 inches of the curb. Kramer's car was parked just to the rear of Stubblefield's car, also parallel with the curb. Just prior to the collision, Standerfer was driving his car on Santa Rosa street going in the direction that the parked cars were headed, and some 117 feet back from or to the rear of Kramer's car. At this juncture Kramer got in his car and started the motor preparing to move out on the street. He looked back and saw Standerfer coming down the street in his direction. Kramer moved his car at an angle so as to avoid or get from behind Stubblefield's car and started out on the street. He gave no signal whatever, but continued to move out practically in front of Standerfer's car. When Kramer had gotten about even with Stubblefield's car, having gone some 50 feet, Standerfer's car overtook and in passing Kramer's car struck it on the left side at or near the left front wheel fender. This caused Kramer's car to veer into the left side of Stubblefield's car causing the damages claimed, the amount of which is not questioned. Standerfer did not give any signal of his intention to pass Kramer's car, he testifying that he did not see the car until he struck it. The collision occurred in the daytime. Kramer saw Standerfer's car coming when he moved out into the street, but did not pause or give any signal to show his intention to move out into the street, and thus moved into Standerfer's line of travel. Of course, this was negligence. Standerfer was coming directly toward Kramer, but gave no signal of his intention to pass Kramer's car, and in fact, according to his own testimony, did not see Kramer's car until he collided with it. His failure to keep a proper watch for cars in his front, and to give the required signal of his intention to

pass the car was negligence. It cannot be questioned but that the combined negligence of the defendants caused the collision with and damages to appellee's car.

The judgment should be affirmed and it is so ordered.

Affirmed.